139 So. 106

## UNITED BURIAL & INS. CO. v. W. H. COLLIER, Adm'r.

### 8 Div. 356.

Supreme Court of Alabama.

Jan. 14, 1932.

Watts & White, of Huntsville, for petitioner.

Walter J. Price, of Huntsville, opposed.

PER CURIAM.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

139 So. 246

## KELLY et al. v. TATUM et al.

### 3 Div. 986.

Supreme Court of Alabama.

Jan. 14, 1932.

Rushton, Crenshaw & Rushton, of Montgomery, for appellants.

Steiner, Crum & Weil, Hill, Hill, Whiting, Thomas & Rives, and Thos. B. Hill, Jr., and Wm. Inge Hill, all of Montgomery, for appellees.

ANDERSON, C. J.

This case was here on former appeal, and is reported Kelly v. Tatum, 222 Ala. 655, 133 So. 703. The appellants' counsel, in so far as the contention of the appellant Mrs. Kelly goes, frankly concede that it is in the nature of an application for a reconsideration of the former holding. We are disinclined to recede from the former holding, and adhere to same. The recent case of Phillips v. Phillips (Ala. Sup.) 136 So. 785,[1] is, in no sense, in conflict with our former opinion. In the Phillips Case, supra, there was merely a parol agreement to hold land in trust, not as security for a loan of money. But in this case the transaction was a loan of money, and the mortgage was to be taken up and held as security for such loan. Therefore the title acquired on the foreclosure of the mortgage, and from the bankrupt court, was under the agreement a security for the loan. An absolute title can be shown by parol to be the security for a debt. This rule is not the same as that which avoids a parol trust in land in violation of the statute of frauds, when there is no debt secured by it, and which was the Phillips Case.

The appellant J. W. Kelly contends that he should have been credited with the sums he claimed to have paid over to his wife arising out of the income collected by him upon the shares or interest of the complainants William and Augustus Tatum; this upon the idea that the report of the register disallowing the claim was not in conformity with the

[1] 223 Ala. 475.